UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEDPRICER.COM INC.,<br>　　　Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY,<br>　　　Defendant. | No. 3:13cv01545 (MPS) |

## MEMORANDUM OF DECISION

**Introduction**

Plaintiff, MedPricer.com ("MedPricer"), filed this action in Connecticut Superior Court alleging four causes of action: Count One, breach of contract; Count Two, breach of the covenant of good faith and fair dealing; Count Three, unjust enrichment; and Count Four, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Defendant, Becton, Dickinson and Company, removed the case to this Court under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a). (Notice of Removal [Dkt. #1] at ¶ 10.) On January 23, 2014, Defendant moved to dismiss the Second, Third, and Fourth Counts of the Amended Complaint. (Dkt. #23.)

Because the facts pled in the Counts Two and Four of the Amended Complaint are sufficient to state claims for relief, Defendant's Motion to Dismiss as to Counts Two and Four is DENIED. Because Rule 8 of the Federal Rules of Civil Procedure allows Plaintiff to plead alternative and inconsistent theories, Defendant's Motion to Dismiss as to Count Three is DENIED.

**Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "'a short and plain statement of the of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Fed. R. Civ. P. 8). Although Rule 8 does not require a

1

pleading to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss the Court accepts as true all of the complaint's factual, non-conclusory allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. Finally, the Court must "draw all reasonable inferences in favor of the nonmoving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

**Factual Background**

According to the Amended Complaint, Plaintiff provides services to the healthcare sector, including helping "facilitate the negotiation of contracts between the healthcare sector and suppliers." (Am. Compl., [Dkt. #26] First Count at ¶ 3.) Of Plaintiff's four alleged causes of action against Defendant, three of them – breach of contract, breach of the covenant of good faith and fair dealing, and violation of CUTPA – are based on a contract entered into by the parties. Defendant allegedly entered into MedPricer's standard Supplier Agreement (the "Agreement") with Plaintiff, first on October 3, 2011, and again on August 27, 2012. (*Id.* at ¶ 5.) According to the Amended Complaint, the Agreement required Plaintiff to provide Defendant, and other suppliers of medical goods and services, a place to conduct negotiations ("Sourcing Events")

with buyers. In exchange, Defendant would pay Plaintiff 1.5 percent of the value of the transaction arising out of a Sourcing Event. (*Id.* at ¶ 13.)

Plaintiff alleges that Defendant participated in several Sourcing Events and received three contracts because of the events. (Am. Compl., First Count at ¶¶ 12, 21, 30.) Although Defendant accepted the Agreement, it failed to comply with several of its terms. Defendant did not pay the required fee of 1.5 percent of the total value of any of the contracts arising out of the Sourcing Events and did not provide Plaintiff with the required monthly sales reports. (*Id.* at ¶¶ 17, 26, 35.)

Count One sets out the factual allegations summarized above. Count Two repeats the factual allegations of Count One and also alleges that Defendant acted in bad faith and entered into the Agreement with no intention of abiding by its terms. Count Four repeats the factual allegations of Count Two and also alleges that Defendant's conduct was deceitful and deceptive. In Count Three, Plaintiff alleges the absence of a binding agreement and asserts a claim for unjust enrichment. The unjust enrichment claim repeats the facts as summarized above, but omits any reference to the existence of the Agreement.

**Discussion**

Count Two – Breach of the Covenant of Good Faith and Fair Dealing

"In order to prevail on a claim of bad faith, it is necessary for the complaint to allege a specific act that was performed purposefully, with a sinister intent . . . . Even if it was found that there was a breach of contract, not all contracts are breached with a sinister intent." *Longo v. Longo*, 2012 Conn. Super. LEXIS 1328, at *7 (Conn. Super. Ct. May 15, 2012). "Absent allegations and evidence of a dishonest purpose or sinister motive, a claim for breach of the

implied covenant of good faith and fair dealing is legally insufficient." *Alexandru v. Strong,* 837 A.2d 875, 883 (Conn. App. Ct. 2004).

Plaintiff alleges that Defendant's conduct was "done in bad faith, with a dishonest purpose and/or sinister motive in that Defendant entered into the Agreement, was well aware of its provisions, yet had no intention of abiding by its terms and compensating MedPricer for the services MedPricer provided to it and from which Defendant benefitted." (Am. Compl., Second Count at ¶ 39.) By themselves, these allegations are conclusory. But they are accompanied by factual allegations that Defendant repeated the same conduct—voluntarily entering into an agreement, accepting Plaintiff's services, and deriving the benefits of the virtual marketplace Plaintiff created—three times over the course of two years. Drawing all reasonable inferences in Plaintiff's favor, the allegations are sufficient to state a claim for a breach of the covenant of good faith and fair dealing. Because Defendant repeatedly ignored the same clear and simple terms of the Agreement without informing Plaintiff that it intended to use Plaintiff's virtual marketplace without compensating Plaintiff, it is plausible that Defendant agreed to Plaintiff's terms and conditions intending to gain access to Plaintiff's resources without intending to abide by those terms and conditions.

"[W]hether particular conduct violates or is consistent with the duty of good faith and fair dealing necessarily depends upon the facts of the particular case, and is ordinarily a question of fact to be determined by the . . . finder of fact." *Landry v. Spitz*, 925 A.2d 334, 344 (Conn. App. Ct. 2007) (internal quotation marks omitted). Plaintiff has sufficiently alleged that Defendant acted with the required intent to state a claim for breach of the covenant of good faith and fair dealing. Therefore, Defendant's Motion to Dismiss as to Count Two is DENIED.

Count Three – Unjust Enrichment

Defendant also moves to dismiss Plaintiff's third count of unjust enrichment. "Unjust enrichment applies whenever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract . . . . Indeed, lack of a remedy under a contract is a precondition for recovery based upon unjust enrichment." *Gagne v. Vaccaro*, 766 A.2d 416, 424 (Conn. 2001) (citation omitted; internal quotation marks omitted).

Defendant argues that "because an express contract existed between the parties, the Plaintiff cannot maintain an unjust enrichment claim." (Def.'s Mem. in Supp. of Mot. to Dismiss [Dkt. #24] at 12.) This argument ignores Plaintiff's right to plead in the alternative. "While proof of an enforceable contract might preclude application of an unjust enrichment theory, the plaintiff may be unable to prove an enforceable contract and, at least in the early stages of the proceedings, is entitled to plead inconsistent theories." *William Raveis Real Estate v. Cendant Mobility Corp.*, 2005 Conn. Super. LEXIS 3510, at *4-5 (Conn. Super. Ct. Dec. 1, 2005). Though "[p]roof of a contract enforceable at law precludes the equitable remedy of unjust enrichment," *Lieberman v. Emigrant Mortg. Co.,* 436 F. Supp. 2d 357 (D. Conn. 2006), the existence of an enforceable contract in this case has merely been alleged, not proven. In fact, Defendant itself contends that the Agreement, as alleged by Plaintiff, exists but is unenforceable. (Def.'s Mem. in Supp. of Mot. to Dismiss at 3.)

At this point in the proceedings, the Amended Complaint's inconsistent allegations do not compel dismissal of Plaintiff's claim for unjust enrichment. "It is well established that plaintiffs may plead in the alternative for recovery under contract or unjust enrichment." *A&R Body Specialty v. Progressive Cas. Ins. Co.*, 2013 U.S. Dist. LEXIS 26502, at *18 (D. Conn.

Feb. 27, 2013); *see also* Fed. R. Civ. P. 8(d)(2). As such, Defendant's Motion to Dismiss as to Count Three of the Amended Complaint is DENIED.

Count Four – Violation of Connecticut Unfair Trade Practices Act

Defendant moves to dismiss the fourth count of the Amended Complaint because "its claims rely upon a simple breach of contract as the underpinning of the CUTPA count and such contractual breach cannot provide the basis for a CUTPA claim under Connecticut law." (Def.'s Mot. to Dismiss [Dkt. #23] at 2.) "CUTPA was intended to provide a remedy that is separate and distinct from the remedies provided by contract law when the defendant's contractual breach was accompanied by aggravating circumstances." *Ulbrich v. Groth*, 78 A.3d 76, 101 (Conn. 2010). "Conduct that has been held to be substantial aggravating circumstances sufficient to support CUTPA claims includes fraudulent representations, fraudulent concealment, false claims . . . and multiple breaches of contract." *Leonard v. Tabacco Const., LLC*, 2012 Conn. Super. LEXIS 1267, at \*6 (Conn. Super. Ct. May 10, 2012).

Plaintiff alleges that Defendant "consistently and repeatedly breached the Agreement by its refusal to pay invoices issued by MedPricer, and such conduct involved fraud, deceit, dishonesty and was done unscrupulously in that Defendant entered into the Agreement, but had no intention of abiding by its terms and compensating MedPricer for the services it provided." (Am. Compl., Fourth Count at ¶ 46). Many courts have stated that multiple breaches of contract can be sufficient to state a claim under CUTPA. *See, e.g.*, *Metro. Trucking v. Rand-Whitney Containerboard, LP*, 2010 Conn. Super. LEXIS 802, at \*12 (Conn. Super. Ct. Mar. 31, 2010) (finding that an allegation of multiple breaches of contract was sufficient to state a claim under CUTPA); *Webster Fin. Corp. v. McDonald*, 2009 Conn. Super. LEXIS 169, at \*50 (Conn. Super. Ct. Jan. 27, 2009) (holding that multiple breaches of a restrictive covenant were sufficient

aggravating circumstances to support a CUTPA claim). Plaintiff's allegations contained in Count Four are sufficient to survive a motion to dismiss. Whether Plaintiff has ultimately alleged sufficient facts to prove a violation of CUTPA is an issue that is best resolved at summary judgment or at trial. *See, e.g.*, *Metro. Trucking*, 2010 Conn. Super. LEXIS 802, at *12-13.

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           July 25, 2014